**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHER DIVISION**

BEVERLY LEMLE,

    Plaintiff,

v.

    Case No: 11-10295

    HONORABLE DENISE PAGE HOOD

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**
**and DISMISSING ACTION**

    This matter is before the Court on Magistrate Judge Mark A. Randon's Report and Recommendation filed January 27, 2012. Plaintiff filed Objections to the Report and Recommendation, along with a response to the Objections. Plaintiff's Objections raise the same four issues before the Magistrate Judge which were addressed in the Report and Recommendation.

    Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence, and deciding whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support

a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1989); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that Plaintiff waived the ability to challenge the experts' credentials by failing to raise the issue during the hearing before the ALJ. The Court further agrees with the Magistrate Judge that the ALJ properly evaluated Plaintiff's credibility as to her testimony regarding her medical condition. The ALJ properly considered the medical evidence to evaluate Plaintiff's cardiac condition, specifically, the amount of "blockage" in her heart. The Court also agrees with the Magistrate Judge that the ALJ properly relied on the vocational expert's testimony to determine the type of jobs available to Plaintiff in the national economy, given Plaintiff's limitations to perform certain tasks. As to the issue regarding treating physician's opinions, the Court agrees with the Magistrate Judge that the ALJ properly discounted Plaintiff's treating physician's opinions in light of the other substantial medical evidence regarding Plaintiff's medical condition. The ALJ issued the reasons for giving less weight to Plaintiff's treating physicians. This Court does not have the authority to reweigh the factual evidence before the ALJ if the ALJ's decision is supported by substantial evidence.

Reviewing the medical record, the ALJ's decision and the Magistrate Judge's Report and Recommendation, the Court finds that the ALJ's opinion was based on substantial evidence. There is substantial evidence supporting the ALJ's residual function capacity finding that beginning February 1, 2006, Plaintiff could perform past relevant work as an intake supervisor and that jobs exist in the economy that would accommodate Plaintiff.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Mark A. Randon filed January 27, 2012 **(Doc. No. 25)** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.  Plaintiff's Objections are OVERRULED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **(Doc. No. 18, filed September 8, 2011)** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **(Doc. No. 23, filed December 8, 2011)** is GRANTED.  The Commissioner's decision is AFFIRMED.

IT IS FURTHER ORDERED that this action is DISMISSED.

                                          S/Denise Page Hood
                                          Denise Page Hood
                                          United States District Judge

Dated:  March 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2012, by electronic and/or ordinary mail.

                                          S/LaShawn R. Saulsberry
                                          Case Manager